UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUANE JENSEN,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>ANTOINETTE FRY; RALPH FRY; DAVE OLSEN, personally and in his official capacity; BOULDER CITY POLICE DEPARTMENT; DOES 1-X, inclusive; and ROES I-X, inclusive<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-00767-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 4) |

I.  **SUMMARY**

Before the Court is Defendant Anthony Ann Fry[1] and Ralph Fry's ("Fry Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. no. 4). The Court has also considered Plaintiff's Response (dkt. no. 10), Fry Defendants' Reply (dkt. no. 11), and Defendants Dave Olsen and Boulder City Police Department's (collectively "City Defendants") Joinder and Reply in Support of the Motion to Dismiss. (Dkt. no. 12.) For reasons discussed below, Fry Defendants' Motion is granted.

---

[1] Anthony Ann Fry is improperly identified in the Complaint as Antoinette Fry.

## II. BACKGROUND

This case arises out of the alleged wrongful conviction of Plaintiff for unlawful disposal of motor oil. The Complaint alleges the following facts:

On or about February 15, 2011, Plaintiff was accused of disposing of motor oil on a vacant property adjacent to his home. Boulder City Police Department conducted a limited investigation and charged Plaintiff with a misdemeanor for Unlawful Disposal of Motor Oil. In May, 2011, the Justice Court found Plaintiff guilty after a bench trial. Plaintiff, appearing *pro se*, appealed the verdict to the Eighth Judicial District Court, which resulted in a de novo trial. Plaintiff was again found guilty. Plaintiff, this time through counsel, filed a Motion to Recall Remittitur and Rehear Appeal with the Eighth Judicial District Court. That motion was denied. Plaintiff filed an appeal with the Nevada Supreme Court, who dismissed the appeal for lack of jurisdiction.

The Complaint alleges that Fry Defendants made false allegations to retaliate against Plaintiff for reporting them to the Homeowners Association. City Defendants allegedly relied on Fry Defendants' false allegations and consequently failed to secure evidence, created inaccurate representations of evidence, and failed to conduct a thorough investigation. Plaintiff thus argues that the unsubstantiated allegations of Fry Defendants and the shoddy investigation led to Plaintiff's misdemeanor conviction.

On May 2, 2013, Plaintiff filed the instant lawsuit alleging four claims for relief: (1) wrongful conviction; (2) deprivation of civil rights guaranteed by the Fourth Amendment violating 42 U.S.C. § 1983; (3) punitive damages; and (4) civil conspiracy.

## III. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Accepting all well-pled factual allegations in the complaint as true, the district court must determine whether the complaint contains either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.   Analysis**

Plaintiff's claims arise from City Defendants allegedly filing false charges and conducting shoddy investigation, which ultimately resulted in Plaintiff's conviction and imprisonment. Fry Defendants argue that they have absolute immunity from civil liability for their testimony in the underlying criminal case under both Supreme Court precedent and the *Noerr-Pennington* Doctrine.[2] Fry Defendants and City Defendants argue that collateral estoppel bars all the claims[3] and that all the claims necessarily fail as a matter of law. Plaintiff opposes the motion arguing only that collateral estoppel does not bar the action because the issues have not been actually litigated.

---

[2]The *Noerr-Pennington* Doctrine immunizes a person who petitions the government for redress, even if the petition is motivated by improper purposes. *See E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). However, as Plaintiff's claims fail as a matter of law on other grounds, the Court does not address this argument.

[3]Fry Defendants have attached a considerable amount of documentation to this motion. The documents purport to show that Plaintiff has already brought the same claims in state court and that the state court has dismissed those claims with prejudice. However, as discussed below, Plaintiff's claims fail as a matter of law regardless of any preclusive effect given to the state law judgments. Accordingly, the Court does not consider any evidence outside of the Complaint in ruling on this motion.

To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* Moreover, where, as here, a § 1983 plaintiff seeks damages for a purportedly unconstitutional conviction,

> [plaintiff] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under 28 U.S.C. § 2254]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Plaintiff's first and second claims fail as a matter of law for three reasons. First, taking the allegations in the Complaint as true, Fry Defendants were not acting under color of state law because, as witnesses, they were not clothed with the authority of state law. Second, as alleged in the Complaint, the Nevada Supreme Court dismissed Plaintiff's appeal and, thus, the conviction is still *per se* valid. Therefore, Plaintiff's claims for damages arising out of the conviction or sentence are barred under *Heck v. Humphrey*, 512 U.S. 477. Third, § 1983 liability cannot attach a through *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, liability can only attach if Plaintiff can show the local government entity promulgated a policy, practice, custom, or scheme that actually caused the alleged underlying constitutional violations. *Id.* Here, Plaintiff has alleged some Defendants are liable under *respondeat superior* because other Defendants acted outside of established procedures

///

"violating police procedures." The allegations that constitute the claim contradict *Monell* and accordingly cannot lie.

Because the first and second claims are not legally cognizable, Plaintiff has not alleged a predicate civil rights violation to support his civil conspiracy claim or his request for punitive damages. Therefore, these final two claims also fail.

## IV.   CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss is granted. The Clerk of the Court is directed to close this case.

DATED THIS 12th day of November 2013.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE